on behalf of Ruben Sahagun-Gallegos. I'd like to reserve two minutes for rebuttal. The remaining dispute in this case is very narrow, but it has extraordinary legal consequences. If the record unequivocally demonstrates that the conviction is for 13-1203a2, then the conviction is a crime of violence, it warrants a 16-level enhancement, and it's probably also an aggravated felon. If not, then it's not. The record does not establish a conviction under 13-1203a2. There is no document in this record that lists 13-1203a2 or the elements of 13-1203a2. There's no complaint. The plea agreement lists 13-1204 only and not 13-1203a2. The grand jury was not advised which prong the Court was proceeding under. And so what we are left with is the factual basis for the plea. But that also does not state 13-1203a2 or each of the elements of that offense. This is not a Rule 11 plea colloquy where the court or the prosecutor advises the defendant, these are the elements that the government is required to prove, you know, beyond a reasonable doubt, do you waive the right to prove each of these elements, and could you please tell us what you did to meet each one of these elements. It's nothing like that. The defendant was not advised what the elements were. His attorney gave a factual basis that does not meet any of the 1203, 13-1203a subsections. So what the government has asked is for this Court to engage in sort of a process of elimination, to look at it as a modified categorical approach. Yes, extremely modified, modified factual categorical approach, because the missing element is intent. Yes. And at no point does anyone admit intent. In fact, can I stop you there before you miss that one point? If the – I fully appreciate your argument about looking to the, you know, I think your position is looking impermissibly to the facts as opposed to the elements. But if they had – what about this other twist, the process of elimination twist? Has that ever been allowed? It hasn't been allowed. And in fact, I think when I looked at this case, I tried to figure out, well, what is the relevant authority? And I think – well, first of all, this Court in Lima, Lima, unpublished, did not engage in a process of elimination. But I think the relevant authority in this case is actually Taylor. Because Taylor tells us you don't look at the trial transcripts, right? You don't look to see what happened at trial and then engage in some sort of analysis, whether it be a process of elimination or some other thing. What you look at is the charging document and the jury instructions. So when Shepard came along and the Supreme Court needed to decide, well, what if it's a plea? So there's no jury instructions. Then what do we look at? And they said, yes, you could look at the plea colloquy. But the court was very clear. You're looking at the plea colloquy to determine what was he convicted of, not what could he have been convicted of. So the example that Justice – whoever it was who – I'm sorry. The example that's given in Shepard is quite on point with this one. It talks about what if he had a trial, and in that case, of course, it was burglary, and the only structure that was broken into was a building, and there was absolutely no evidence that any kind of car or vending machine or any other structure was built in. The court said it would be a turf accountant's dream that this, in fact, was a building. But that is not permitted. If the jury instructions don't say building, then it's not generic burglary. Similarly here. Nobody ever said intent. So it cannot be a generic crime of violence. Now, I'm going to engage in a counterfactual hypothetical. Let's say that the lawyer says what he said. He brandishes the weapon at the drive-through, and he does it – and he did it with intent to cause reasonable apprehension of imminent physical injury. Now, would you be able to argue successfully if that had been said on behalf of the client? So what I'm after is, are you saying that statements by the lawyer during the plea colloquy we can't look at, or are you merely saying that what the lawyer said isn't sufficient? I am saying primarily the latter. In the former, I think in a case where at the plea colloquy, if the defendant assented to it, you could go with that. But in Shepard, it says factual findings made by the court and assented to by the defendant, and I don't see assent here either. So I think it's sort of both. But I think sufficient for your argument, it would be that what the lawyer said on behalf of the client, of your client, wasn't enough. Exactly. Even if it had been assented to. Even if he had had an incentive to dispute it, where if it had made a difference. But none of that happened here. The only mens rea I see – That was a question. I'm sorry. That's correct. Okay. Yes, I'm sorry. Go right ahead, please. The mens rea that I see here, the only one I see, is drunken. He's described several times as being drunk. And that is not enough to make out intent. If the Court has no further questions, I will reserve my time. Okay.  Let's hear from the government. Good morning, Your Honors. May it please the Court. Robert Falrath for the United States. I am from the District of Arizona. The District Court did not plainly err when it agreed with the probation. Why do we do this at plainly error? We're sending it back anyway. So, really, I think what we're doing is we're just instructing the District Judge as to the appropriate law on this question in the event of resentencing. We're already vacating the sentence, so why is this plain error? Your Honor, this states, our position is it would be plain error based on the fact that it wasn't raised at the record below. No, I got that. Yes, sir. If this were an appeal and we were not already sending it back, I think it is plain error review. But we're sending it back for resentencing anyway. So what's the harm in our sort of instructing the judge on the law? Your Honor, I believe, respectfully, I believe that, you know, the legal issues, it's just separate issues altogether on this. And so I certainly understand the Court's position that if we're sending it back, let's just send them with further instructions. But I would submit that in this case, the lens that we need to examine it through is plain error. And I guess I'm somewhat baffled beyond that, sir. But if we go that route, regardless of that, is there a Shepard-compliant document that established the contested element here? Yes. Yes, there is, Your Honor. Now, in this case, Your Honor, the record lays out both in the factual basis and then in that grand jury transcript what was adopted or that was adopted as part of the factual basis. It lays out – it doesn't lay out in black and white what the elements are, but it lays out that the defendant had to have been convicted of 1203a2. Well, that's the process elimination twist. Yes, Your Honor. I would submit that perhaps the better term here would be legal impossibility, that it would be legally impossible for this defendant to have been convicted of the other two prongs of 1203a2. And my first question is, can you point to any authority where this process of elimination method has been used? Yes, Your Honor. There is – there was an Eighth Circuit case that was cited in our 28J letter, United States v. Williams. Okay. And in that case, in the Williams case, there was a – the court there engaged in what was – the relevant language is the could-only-have-been analysis for a Nebraska-escape conviction. And so there were two – my recollection is there's two prongs to the Nebraska-escape statute, and it was the second prong that the court in Williams found by process of elimination. And so there isn't – actually, I did read the case. There isn't a Ninth Circuit case that I'm aware of. And we're not aware of any either, Your Honor. Okay. So in this case, what the plea representation by counsel, the plea that I think you're relying on is the sentence that says he was going through the drive-in and in his drunken state he pointed a gun at the lady who was the cashier. How does that get at the contested element? Well, Your Honor, if you look actually to the excerpt of Record 34, which is the grand jury transcript. Is the grand jury transcript a Shepard-compliant document? It is, Your Honor, if it has been adopted at the change of plea colloquy. And I believe it's either the Alvarado case or one of the – and I – forgive me, I have that case on the tip of my tongue. But the Alvarado case is one of them that references what's permissible. But our point would be that if you look at that grand jury transcript at excerpt for Record 34, there's a recitation of the interview of the defendant by the apprehending officer. And in that interview of the defendant, the apprehending officer states, Rubin was upset because he had an argument with his wife, went to Jack in the Box and said he would not say that they did anything in particular to cause that, except he was still upset. And his only rationale, he said, was that the shotgun wasn't loaded. Now, we don't have a clear cut, the word intent in there. But what we have is under the Barnett case, which is an Arizona State case interpreting the 1203A2 statute, it points out this is a general intent offense. And it also deals with the issue of intoxication. And the point that I make here is if this is a general intent offense, he need only intend the conduct which was committed. And very clearly here, his rationale is that he's still upset from the argument with his spouse. Therefore, that's why he pointed it at the cashier. You know, that's not a very interesting therefore. I'm upset with this person, so I pointed it to somebody else? Understood, Your Honor. I can't say I agree with his logic. Well, I'm not sure he's logical at all. He's drunk. Perhaps, Your Honor. That being said, the alcohol is not a defense. Intoxication is not a defense to general intent. Assuming that by the process of elimination, we can figure out the subsection to which he's pleading. Yes, sir. Is the statement by the attorney enough? That is to say, there's no statement by the attorney that he did anything intentional. That's correct, Your Honor. So why is, even if we can narrow it down so that we know that the conviction is under subsection 2, why is the statement of the attorney enough for modified categorical? Because there's no admission that this was done intentionally. If we, I believe, Your Honor, if we look at Cabrera-Perez, once Cabrera, one of the statutes, we don't have to look at the record further to fill in the gaps. And so I believe that in this case, we very clearly, it's established by legal impossibility it has to be 1203A2. Therefore, we don't have to look at the record further beyond that. But, again, my point would be to the extent we do, that the grand jury transcript that was adopted shows some evidence of intent in the recitation on ER34. But that's not a statement by him. That's a statement, that's a hearsay statement by the officer. Yes, it is, Your Honor. But it was adopted without objection at the change of plea colloquy, at the request of the judge in that proceeding. Without objection, it was adopted. And the Alvarado case, which we cited to, I believe, in our 28J letter, makes it clear that the defendant doesn't have to necessarily agree to everything that was in that process if it's adopted without objection. My problem with the process of elimination way of getting at the determination that this is a Subsection 2 charge is that I'm not sure DeCamp allows us to do that. As I look at DeCamp, it says you've got to plead affirmatively. Your Honor, in my own reading of DeCamp, DeCamp asks us to look at the judicially noticeable documents to determine the offense of conviction. And I believe there was a wonderful quote that we're not allowed to infer what the parties may not have known, but to look at the offense of conviction. And in this case, the legal impossibility tells us what the offense of conviction was. And I understand the Court's distinction there, but I think at the end of the day, it's very clear there was no way he could have been convicted of anything except 1203A2. And therefore, because we know that, we don't have to look any further beyond that to fill in any missing gaps. Yeah. I'm not convinced that that's so. And it looks as though that's an open question in our circuit at this time. Is that right? I believe so, Your Honor. Yeah. So that comes back in a way to plain error. I mean, if it's an open question and this is plain error review, I'm not sure that we can reverse. On the other hand, I'll come back to what I said at the beginning, we're sending this back anyway. You're confessing error on the other sentencing issue. It certainly needs resentencing on the third point issue, Your Honor. That's right. So we're sending it back for resentencing anyway. Yes, Your Honor. And if we think the law, if we conclude that the law is that process of elimination is not sufficient, we're supposed to keep our mouths shut so the judge can make the mistake again? Your Honor, I understand the Court's point. Respectfully, I mean, the issue, however, though, is if the error wasn't, if it wasn't raised below, is a competent. It might be raised this next time. And I fully respect that, Your Honor. And if he does it again, we're right back up here on the very same question. But in this case, if it's only remanded for the third point issue, I understand the Court may want to send implementing guidance on the other issue, but under that plain error standard, I mean, we still have to look at it. I mean, the standards are so clear-cut or obvious that any competent district court judge would avoid it without an objection. And that's a reference to the standard laid out in the Montezaya case. No, no, I understand. Yes, sir. Yes, sir. And I think you see that I agree with you. If this is plain error review, I would not reverse on plain error. Right. And I'm not sure what else I can say beyond that, Your Honor. It's a fairly common practice when we send back for resentencing to give advice to judges on questions that are likely to arise. Very good, Your Honor. So I don't see how this is different from that fairly common practice we have. Understood, Your Honor. Okay. Any other questions? No. Okay. Thank you. I appreciate your time. I have a number of points, but I'd like to ask the Court if it has any questions first. Well, I've got one question, and that is, assuming for purposes of argument that we can narrow down by process of elimination such that we do know that this charge had to have been under subsection 2, once we get there, is there sufficient shepherd evidence in the record to support the conviction? No. Because? There's no intent. Well, there's no statement of intent, but I heard your adversary say we don't need  Actually, it's interesting. In the plea agreement in this case, it specifically says that the grand jury is admissible, but the defendant will provide the mens rea. It specifically indicates that the defendant has to provide the mens rea. In this case, the defendant did not provide the mens rea. So I don't think there's any shepherd document in this case which sets forth the intent. And I believe that it's necessary. That is the element that will make this a crime of violence. And so in terms of this process of elimination, I think if the court thinks it can If the court is grappling with that, I think you want to look really at what Taylor, Descamp, and Shepherd tell us are the purposes of the categorical approach. One is to create efficiency. So efficiency is, this is the charge. It sets forth the relevant element. And this is the plea. It sets forth the relevant element. Us engaging in this kind of process, trying to guess what prong is not efficient. The second is fairness. It's not fair for this Court to infer that the conviction must have had the mens rea of intent when nobody admitted it. And the third is constitutionality. Now, it's somewhat mitigated in the sentencing guidelines context, but the same rule applies here as it does in ACCA. This Court would be engaging in fact-finding. When you engage in a process of elimination to attempt to guess what the prong was, that's not a fact of a prior conviction. That's a fact about a prior conviction. And under the doctrine of constitutional doubt, this Court doesn't engage in that process. I just wanted to respond to a few things that the government argued. The first is, very briefly, the Eighth Circuit case, U.S. v. Williams, very different from this case, because in that case the Court did limit it. He said, well, let's just say it's an arrest and you left. And that was the precise element that was at issue, whether it was an arrest, whether the person had left from a place or had just not shown up to a place. So the element that was in question in Williams, the Court inquired and the defendant agreed, that it's a very different case. The second, I think he argued that 13-1203a2 is a general intent crime and so that just the intent to do the conduct would be enough. If that's true, then this isn't a crime of violence at all. I mean, the Ninth Circuit is quite clear that just the intent to do something is not enough. You have to intend the harm. So in Coronado, the Court held that an intentional shooting of a firearm that recklessly causes someone to be put into danger is not a crime of violence, because the intent was only to shoot the firearm. So in terms of that, I think if that's the case, then 1203a2 is simply not enough. And I think I've covered all the other things I had on this. So that argument is, if he's right in his description of subsection 2, that subsection 2 is itself overbroad. Yes. All right. Thank you. Okay. Thank you very much. The case of United States v. Shaheen v. Gallegos submitted for decision.
judges: Noonan, Fletcher, Christen